**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL T. MANUEL | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:14-CV-104-JAR |
| | ) | |
| PAULA PHILLIPS, et. al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Michael Manuel (registration no. 274030), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $5.06. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the amended complaint, the Court will partially dismiss the amended complaint and will order the Clerk to issue process or cause process to be issued on the portions of the amended complaint that state claims upon which relief can be granted.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his amended complaint. A review of plaintiff's account indicates an average monthly deposit of $21.58, and an average monthly balance of $25.30. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.06, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the

Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950–51.

This is a "context-specific task that requires the reviewing court to draw on its judicial

experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show

more than the "mere possibility of misconduct."  Id.  The Court must review the factual

allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id.

at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may

exercise its judgment in determining whether plaintiff's proffered conclusion is the most

plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 1951–52.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint

the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court

must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly

baseless.  Denton v. Hernandez, 504 U.S. 25, 32–33 (1992); Scheuer v. Rhodes, 416 U.S. 232,

236 (1974).

## The Amended Complaint

Plaintiff brings this action under 42 U.S.C. § 1983.  Defendants are officials of Southeast

Correctional Center ("SECC").  Named as defendants are P. Phillips (Warden); Wallace

(Superintendent); Dysinger (Correctional Officer); Parker (Correctional Officer); Hays

(Correctional Officer); Bailey (Correctional Officer); Rangel (Correctional Officer); N. Hill

(Doctor); McIntyre (Caseworker); Spitzer (Correctional Officer); Gillispie (Correctional

Officer); Harris (Correctional Officer); Walters (Correctional Officer); Mims (Correctional

Officer); German (Correctional Officer); Beggs (Functional Unit Manager); Howard (I)

(Correctional Officer); Howard (II) (Correctional Officer); Gatewood (Correctional Officer);

Shanefelter (Food Service Manager); Moss (Correctional Officer); Vinson (Correctional

Officer); and D. Degan (Nurse).

Plaintiff alleges that on March 12, 2014, defendant Dr. Hill diagnosed him as lactose intolerant. The same day a "lay in" was issued for plaintiff for no milk products, no cheese products, and no foods containing milk or cheese. (ECF No. 1-1 at 3). Plaintiff asserts that he was then placed on a special diet. However, plaintiff claims that, thereafter, defendant Shanefelter, as the food service manager, refused to provide dairy-free meals. Defendant Nurse Degan discontinued the "lay in" on June 13, 2014. (ECF No. 1-1 at 10). According to plaintiff, Nurse Degan did so without Doctor Hill's knowledge.

Plaintiff filed grievances and on May 6, 2014; May 9, 2014; July 7, 2014; and July 17, 2014, received responses stating, in part:

> Offenders that are intolerable are not to have any substitutions to there [sic] meal, they will be required to receive a regular tray. Being intolerable does NOT mean they can not [sic] have the item at all, it means that they can not [sic] have large amounts.
> . . . .
> It is noted that intolerance is different than an allergy, and substitutions are not given per policy. Instead, food items which are not tolerated are simply avoided.

(ECF No. 1-1 at 4, 5; ECF No. 2 at 1, 3). Plaintiff claims that defendant Phillips instructed prison officials to provide him with inadequate food. Plaintiff alleges that he has lost twenty pounds as a result of not being provided with dairy free food. (ECF No. 1-1 at 5).

### Discussion

After carefully reviewing the amended complaint, the Court finds that plaintiff's claims against defendants Phillips, Degan, and Shanefelter, in their individual capacities, survive review under 28 U.S.C. § 1915(e). As a result, the Court will direct the Clerk to serve process on these defendants. However, the Court will dismiss the amended complaint under § 1915(e) as to defendants Wallace, Dysinger, Parker, Hays, Bailey, Rangel, Hill, McIntyre, Spitzer, Gillispie, Harris, Walters, Mims, German, Beggs, Howard (I), Howard (II), Gatewood, Moss, and Vinson.

Taking all reasonable inferences in plaintiff's favor, the Court finds that he has stated a claim for an Eighth Amendment violation against defendants Phillips, Degan, and Shanefelter, in their individual capacities, for their respective roles with regard to allegedly depriving him of an allegedly medically necessary dairy free diet. See Garner v. Sumnicht, 554 F. App'x 500 (7th Cir. 2014) (finding that district court erred in granting summary judgment in the defendants' favor where the lactose intolerant plaintiff was instructed to carefully choose items from the regular prison menu for over four years); Jackson v. Gordon, 145 F. App'x 774 (3d Cir. 2005) (finding that district court erred in dismissing the lactose intolerant plaintiff's Eighth Amendment claims for failure to state claim where he alleged that he was not provided adequate meals).

Plaintiff fails to state a claim against defendant Wallace, because plaintiff merely alleges that Wallace "allow[ed] officials to continue inadequately." Section 1983 liability "requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

Plaintiff's claims against defendants under Section 217.410 of the Missouri Revised Statutes are legally frivolous. Section 217.410 creates a duty for employees of the Department of Corrections to report inmate abuse, and criminalizes the failure to do so. This Court cannot compel the criminal prosecution of the named defendants in this civil suit for failing to report plaintiff's alleged abuse. See Ray v. Dep't of Justice, 508 F. Supp. 724, 725 (E.D. Mo. 1981) ("It is well settled that initiation of federal criminal prosecution is a discretionary decision within the Executive Branch not subject to judicial compulsion.") (citations omitted).

Finally, plaintiff's claims against defendants in their official capacities do not state a claim for relief. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the amended complaint fails to state a claim upon which relief can be granted against defendants in their official capacities.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $5.06 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint as to defendants Phillips, Degan, and Shanefelter in their individual capacities. Defendants shall be served according to the waiver agreement the Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Phillips, Degan, and Shanefelter shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint as to defendants Wallace, Dysinger, Parker, Hays, Bailey, Rangel, Hill, McIntyre, Spitzer, Gillispie, Harris, Walters, Mims, German, Beggs, Howard (I), Howard (II), Gatewood, Moss, and Vinson because, as to these defendants, the amended complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants under Section 217.410 of the Missouri Revised Statutes are subject to dismissal because these claims are legally frivolous or fail to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are subject to dismissal because these claims are legally frivolous or fail to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 15th day of October, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE