UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL T. MANUEL-BEY, a/k/a<br>MICHAEL T. MANUEL,<br><br>    Plaintiff,<br><br>v.<br><br>PAULA PHILLIPS, et al.,<br><br>    Defendants. | No. 1:14-CV-00104-JAR |

## **MEMORANDUM AND ORDER**

Plaintiff brings this action under 42 U.S.C. § 1983. He alleges he was diagnosed as lactose intolerant but that Defendants have deprived him of an allegedly medically necessary dairy-free diet. (Amended Complaint, Doc. No. 3) The following matters are pending before the Court: Plaintiff's Petition for Name Change (Doc. No. 32); Plaintiff's Motion for Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 33); Plaintiff's Motion to Compel Discovery (Doc. No. 35) and Plaintiff's Motion for Leave to File Amended Complaint. (Doc. No. 37)

**Motion for Name Change**

Plaintiff seeks to change his last name to Bey in accordance with the practice of his religion in the Moorish Science Temple of America. The Court must address Plaintiff in the record by his legal name; however, the Court will direct the Clerk of the Court to hyphenate his legal name with Bey pursuant to his request. If Plaintiff has legally changed his name in state court, then he may provide that information to this Court and the Court will so address him by

1

his "legal name" of Bey only.

**Motion for Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction[1]**

Plaintiff seeks a restraining order against Correctional Officers Rickern and Wails, neither one a named party to this lawsuit. In support of his motion, Plaintiff alleges these officers put him in restraints so tight that they cut off his circulation, threatened to break his jaw, and yelled offensive vernacular at his cell window. He further alleges that the officers refused his cellmate's request for protective custody. Plaintiff claims his life is in danger and requests that Officers Rickern and Wails be "restrained from working around [him] in any manner as well as being removed from the entity of this prison."

A temporary restraining order is an extraordinary remedy whose applicability rests completely with the moving party. Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003); see also Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 113 (8th Cir.1981) (listing factors to consider). Preliminary relief is intended to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994) (per curiam); see also Goff v. Harper, 60 F.3d 518, 520 (8th Cir.1995).

Plaintiff has not demonstrated that he is entitled to injunctive relief. First, temporary restraining orders and preliminary injunctions only bind parties, their agents and employees, and those acting in active concert or participation with them. See Fed.R.Civ.P. 65(d)(2). None of

---

[1] Defendants filed their opposition to Plaintiff's Motion for Order to Show Cause on March 10, 2015. (Doc. No. 34) Because the time for filing a reply to Defendants' response has passed, Plaintiff's Motion for Order to Show Cause is fully briefed.

Plaintiff's allegations in this motion relate to Defendants Phillips, Degan or Shanefelter.[2] The mere fact that people work together is insufficient to demonstrate that they are acting in active concert and could be bound by an injunction. See Thompson v. Freeman, 648 F.2d 1144, 1147-48 (8th Cir.1981) (nonparty may be enjoined only if its interests closely "identify with" those of defendant; when nonparty and defendant are in "privity"; or where defendant "represents" or "controls" nonparty).

Second, a moving party "must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose, 42 F.3d at 471 (citing Penn v. San Juan Hosp., Inc., 528 F.2d 1181, 1185 (10th Cir. 1975)). In Devose, an inmate injured in a prison van accident brought suit claiming prison officials had denied him adequate medical care. He later sought a preliminary injunction, claiming the officials were retaliating against him for his lawsuit. The Eighth Circuit held that "new assertions of mistreatment that are entirely different" from the plaintiff's original claim might support additional claims but could not support the imposition of a preliminary injunction. Id. Likewise here, Plaintiff has alleged violations of different rights, committed by different people, at different times, and in different ways than his original claim against Defendants Phillips, Degan or Shanefelter. They might conceivably provide the basis for claims against other prison staff, but they are not so related to his deliberate indifference claim to sustain a temporary restraining order. As such, the Court will deny Plaintiff's motion.

---

[2] After reviewing the amended complaint, the Court found Plaintiff's claims against defendants Phillips, Degan, and Shanefelter, in their individual capacities, survived review under 28 U.S.C. § 1915(e). Phillips is the warden of SECC; Shanefelter is the food service manager who allegedly refused to provide dairy free meals; and Degan is a nurse who allegedly discontinued a "lay in" issued for Plaintiff for no milk products, no cheese products, and no foods containing milk or cheese.

**Motion for Order Compelling Discovery**

The Federal Rules relating to discovery permit each party to serve the opposing party with document requests and interrogatories which relate to "any matter that may be inquired into under Rule 26(b)." Fed.R.Civ.P. 33(a)(2) and 34(a). Where a party fails to cooperate in discovery, the propounding party may move the Court "for an order compelling an answer, designation, production, or inspection." Id. R. 37(a)(3)(B).

Plaintiff's motion to compel, filed March 16, 2015, requested production of a number of documents. Included with Plaintiff's motion was his First Set of Interrogatories to Defendants. On April 24, 2015, Defendants filed their response and answers to Plaintiff's motion as it related to his requests for documents. (Doc. No. 38) Defendants have not, however, responded to Plaintiff's interrogatories within the 30 days allowed by Fed.R.Civ.P. 33. Accordingly, the Court will grant Plaintiff's motion in part and order Defendants to answer and/or object within ten (10) days of the date of this order.

**Motion for Leave to file Amended Complaint**

In his Amended Complaint, Plaintiff named Nina Hill as a defendant and identified her as a doctor at the Southeast Correctional Center ("SECC"). (Doc. No. 3) On October 15, 2014, this Court entered an order of partial dismissal without prejudice as to certain named defendants, including Hill, because, as to those defendants, the amended complaint was legally frivolous or failed to state a claim upon which relief can be granted, or both. (Doc. No. 9) Plaintiff seeks leave to amend his complaint to add Nina Hill, who he has determined is a nurse practitioner, not a doctor, as a defendant in her individual capacity.

This Court does not permit amendment of pleadings by interlineation. See Popoalii v.

Correctional Medical Services, 512 F.3d 488, 497 (8th Cir. 2008) (finding it appropriate to deny leave to amend a complaint when a fully proposed amendment was not submitted with the motion). To preserve the right to amend his complaint, Plaintiff must file a separate motion for leave to amend, with the proposed amendment attached. Clayton v. White Hall School Dist., 778 F.2d 457, 460 (8th Cir. 1985). Plaintiff is cautioned that the amended complaint will replace all preceding complaints, and claims that are not realleged will be deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Petition for Name Change [32] is **GRANTED** in part. The Clerk of the Court is directed to hyphenate Plaintiff's legal name with Bey.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction [33] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery [35] is **GRANTED** in part. Defendants shall answer and/or object to Plaintiff's First Set of Interrogatories within ten (10) days of the date of this Order.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint [37] is **DENIED** without prejudice.

Dated this 29th day of April, 2015.

                                                    **JOHN A. ROSS**
                                                  **UNITED STATES DISTRICT JUDGE**