UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL T. MANUEL-BEY, a/k/a<br>MICHAEL T. MANUEL, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | No. 1:14-CV-00104-JAR |
| PAULA PHILLIPS, et al., | )<br>)<br>) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

The following matters are pending before the Court: Plaintiff's motions to compel (Doc. Nos. 40, 50), motion for preliminary and permanent injunction (Doc. No. 42), and motion for extension of time to respond to Defendants' motions for summary judgment. (Doc. No. 59)

**Motions to compel**

The Federal Rules relating to discovery permit each party to serve the opposing party with document requests and interrogatories which relate to "any matter that may be inquired into under Rule 26(b)." Fed.R.Civ.P. 33(a)(2) and 34(a). Where a party fails to cooperate in discovery, the propounding party may move the Court "for an order compelling an answer, designation, production, or inspection." Id. R. 37(a)(3)(B).

Plaintiff's motion to compel filed May 4, 2015, sought an order from this Court compelling Defendants Paula Phillips and Thomas Shanefelter to produce for inspection a full copy of his medical history; "SOP 21-1.2 and any other SOP retaining [sic] to Ad-Seg or Dis-Seg"; "a copy of the Administrative Segregation Committee Request"; "a full copy of the food

menu Weeks 1-6 of the winter jail menu and a full copy of Weeks 1-6 of the summer menu." In his motion to compel filed July 7, 2015, Plaintiff states Defendants refused to produce SOP-21-1.2 Administrative Segregation and a full cycle of the food menu, which contains a six-week printout for summer and a six-week printout for winter, for a total of 12 pages. Defendants filed a Response to Plaintiffs' motions stating they would respond to Plaintiff's discovery requests within thirty days of service in accordance with Federal Rule of Civil Procedure 34(b)(2)(A). (Doc. No. 51) After consideration, the motions will be denied.

**Motion for preliminary and permanent injunction[1]**

Plaintiff requests the Court order he be provided with a lactose free diet. This is Plaintiff's second motion for injunctive relief. (See Doc. No. 33) Again, preliminary relief is intended to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994); Dataphase Systems, Inc. v. CL Systems, Inc., 640 F. 2d 109 (8th Cir. 1981) (listing factors to consider). The burden of proof lies with the movant. Goff v. Harper, 60 F.3d 518 (8th Cir.1995). "In the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." Id. at 520.

Plaintiff has not demonstrated he is entitled to injunctive relief under the Dataphase factors. There is no evidence supporting his conclusory allegations that he will suffer any irreparable harm or that he will likely succeed on the merits of his case. See Gladden v. Roach,

---

[1] Defendants filed their oppositions to Plaintiff's motion for preliminary and permanent injunction on May 21, 2015 (Doc. No. 43) and May 26, 2015. (Doc. No. 46) Plaintiff filed a reply on June 4, 2015. (Doc. No. 48)

2

864 F.2d 1196, 1198 (5th Cir. 1989) (unsupported speculation is not sufficient bases for injunctive relief). Indeed, Plaintiff's medical records show he has been seen by medical providers on many occasions, but rarely for anything associated with his alleged lactose intolerance. (See Doc. No. 43-1 at 4-11) Since September 2014, he has only reported one stomach related issue, i.e., heartburn and gas, for which he received treatment. (Id. at 9-10) Accordingly, the motion will be denied.

**Motion for extension of time**

In his motion, Plaintiff requests additional time to respond to Defendants' pending motions for summary judgment filed September 4, 2015 because Defendants Phillips and Shanefelter have refused to produce the entire food master menu, Spring/Summer-Fall/Winter, a total of 12 pages. To the extent the Attorney General has not produced the entire menu, the Court will order the Attorney General to provide Plaintiff with the full document. The Court will also grant Plaintiff an additional thirty (30) days to file his response to Defendants' motions for summary judgment. In all other respects, Plaintiff's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions to compel [40, 50] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for preliminary and permanent injunction [42] is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff's motion for extension of time [59] is **GRANTED** in part. Plaintiff is granted an additional thirty (30) days, up to and including **November 4, 2015**, to file his response to Defendants' motions for summary judgment. To the extent the Attorney General has not provided Plaintiff with the entire food master menu, the

Attorney General shall provide Plaintiff with a copy of the full document **no later than October 7, 2015.**

Dated this 28th day of September, 2015.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**