UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL T. MANUEL-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:14-CV-104 JAR |
| ) | |
| PAULA PHILLIPS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on motions for summary judgment filed by Defendant Dana Degen (Doc. No. 54) and Defendants Paula Phillips and Thomas Shanefelter (Doc. No. 57). The motions are fully briefed and ready for disposition. For the following reasons, the motions will be granted.

**I. Background**

Plaintiff Michael T. Manuel-Bey is a Missouri inmate who at all relevant times was confined at Southeast Correctional Center ("SECC") in administrative segregation.[1] Defendant Dana Degen was a licensed practical nurse at SECC; Defendant Paula Phillips was the Warden at SECC; and Defendant Thomas Shanefelter was the Food Service Manager at SECC. Plaintiff, proceeding *pro se*, brings this action for monetary damages and declaratory and injunctive relief under 42 U.S.C. § 1983. He alleges he was diagnosed as lactose intolerant but that Defendants have deprived him of a medically necessary dairy-free diet in violation of the Eighth Amendment. (Amended Complaint ("AC"), Doc. No. 3) Specifically, Plaintiff alleges Nurse Degen "[took] his lay in out of the computer," thereby "forcing [him] to eat unsafe foods." (AC

---

[1] Plaintiff is currently confined at Crossroads Correctional Center in Cameron, Missouri. (Doc. No. 53)

at 12-13) Plaintiff further alleges Food Service Manager Shanefelter refused to provide him with a medically adequate nutritious diet after being placed on a medical diet (AC at 5 ¶¶ 9, 27), and Warden Phillips instructed officials to give him inadequate food (AC at 5, ¶ 25).

Defendants move for summary judgment on the grounds that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Phillips and Shanefelter also assert they are entitled to qualified immunity. Plaintiff opposes the motions, arguing that he has a constitutional right to be served a special diet as required by his health and that Defendants were deliberately indifferent to his medical needs. (Doc. Nos. 62, 64)

## II. Legal standard

Summary judgment is appropriate when no genuine issue of material fact exists in the case and the movant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988). If the record demonstrates that no genuine issue of fact is in dispute, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether summary judgment is appropriate in a particular case, the evidence must be viewed in the light most favorable to the nonmoving party. Osborn v. E.F. Hutton & Co., Inc., 853 F.2d 616, 619 (8th Cir. 1988). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

### III. Facts[2]

On February 25, 2014, Plaintiff submitted a medical services request complaining of stomach pain and diarrhea when eating dairy products. (Doc. No. 55-1 at MR088; Doc. No. 62-1) He was seen by a nurse (not Degen) for those complaints on March 5, 2014 and referred to a medical services provider for further evaluation. (Degen SOF at ¶ 5) On or about March 10, 2014, Plaintiff saw Nina Hill, a Family Nurse Practitioner, Board Certified (FNP-BC), for complaints of lactose intolerance. (Degen SOF at ¶ 6; DSOF at ¶ 6) Based on Plaintiff's reported intolerance, Hill ordered a lactose intolerance lay-in with milk and cheese restrictions on March 12, 2014. (Degen SOF at ¶ 8; DSOF at ¶ 9)

SECC Standard Operating Procedure 10-1.8 establishes guidelines to ensure the planning and provision of nutritionally adequate meals in accordance with established standards. (DSOF

---

[2] The facts are taken from Defendant Degen's Statement of Uncontroverted Material Facts ("Degen SOF"), Doc. No. 56) and Defendants Phillips and Shanefelter's Statement of Uncontroverted Material Facts ("DSOF"), Doc. No. 58-1) Plaintiff did not respond to Defendants' Statements of Uncontroverted Material Facts. Local Rule 4.01(E) provides with respect to summary judgment motions:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine dispute exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

E.D. Mo. L. R. 4.01(E). As a result of Plaintiff's failure to submit any response, Plaintiff has not met the requirements of Local Rule 4.01(E), and is deemed to have admitted all facts in Defendants' Statements of Uncontroverted Facts. Turner v. Shinseki, No. 4:08-CV-1910 CAS, 2010 WL 2555114, at *2 (E.D. Mo. June 22, 2010) (citing Deichmann v. Boeing Co., 36 F.Supp.2d 1166, 1168 (E.D. Mo. 1999)). However, Plaintiff's failure to respond properly to Defendants' motions does not mean summary judgment should be automatically granted in favor of Defendants. Even if the facts as alleged by Defendants are not in dispute, those facts still must establish they are entitled to judgment as a matter of law. Cross v. MHM Corr. Servs., Inc., No. 4:11-CV-1544 TIA, 2014 WL 5385113, at *3 (E.D. Mo. Oct. 10, 2014).

at ¶ 10; SECC Standard Operating Procedure ("SOP"), Doc. No. 58-7 at 1) A registered dietician serves as food service coordinator and is responsible for establishing and maintaining appropriate standards for, *inter alia*, food preparation, menu planning, and nutritional analyses. (DSOF at ¶ 10; SOP at Sec. II. D.) Pursuant to SECC SOP, medical diets, such as renal, gluten-free and modified consistency diets, are available to any inmate who is provided with a prescription by a physician. (SOP at Sec. III. C.1.b.) Likewise, offenders with physician documented food allergies shall be given a substitute within the same food group and in the same portion as the food item to which they are allergic. (DSOF at ¶ 13; SOP at Sec. III. C.4) Lactose intolerance is not a food allergy. (Degen SOF at ¶ 10; DSOF at ¶ 14)

Food Service Manager Shanefelter contacted Robin Norris, State Food Service Coordinator, regarding the preparation of Plaintiff's food trays. (DSOF at ¶ 12) Shanefelter was instructed that if Plaintiff's issue was a food intolerance as opposed to a food allergy, Plaintiff was to receive the same food tray that was provided to other administrative segregation inmates. (DSOF at ¶ 23) Shanefelter prepared and served Plaintiff's meals according to the directions given him by Plaintiff's medical providers and Ms. Norris and pursuant to SECC SOP 10-1.8. (DSOF at ¶¶ 15-16) Shanefelter did not refuse to provide Plaintiff with adequate meals. (DSOF at ¶ 22)

Plaintiff filed several grievances from April 2014 through June 2014 complaining that he was not receiving food substitutions due to his lactose intolerance. (Doc. No. 62-1 at 9-15) Warden Phillips communicated with Shanefelter after receiving a grievance from Plaintiff. (DSOF at ¶ 24) On May 6, 2014, May 9, 2014, July 7, 2014, and July 17, 2014, Plaintiff received responses stating, in part:

> Offenders that are intolerable are not to have any substitutions to there [sic] meal, they will be required to receive a regular tray. Being intolerable does NOT mean they can not [sic] have the item at all, it means that they can not [sic] have large amounts.
>   . . . .
> It is noted that intolerance is different than an allergy, and substitutions are not given per policy. Instead, food items which are not tolerated are simply avoided.

(Doc. No. 1-1 at 4, 5; Doc. No. 2 at 1, 3) Phillips did not instruct prison officials to give inadequate food to Plaintiff. (DSOF at ¶ 21)

On June 13, 2014, nurse practitioner Hill was made aware that SECC did not provide special diets absent a food allergy or other medical necessity. (Degen SOF at ¶ 9) Because lactose intolerance is not a food allergy, Hill then ordered the discontinuation of Plaintiff's lactose intolerance lay-in. (Degen SOF at ¶¶ 10, 13) Degen entered the discontinuation of Plaintiff's lay-in into the system pursuant to the orders she received from Hill. (Degen SOF at ¶ 11; DSOF at ¶ 17) Degen did not order the discontinuation, nor was the discontinuation her decision to make. (Degen SOF at ¶ 12)

Plaintiff's medical records evidence no weight loss or other medical complications during the time he was not receiving food substitutions and following the discontinuance of his medical lay in. (Degen SOF at ¶¶ 16, 17, 20, 26; DSOF at ¶ 26) In fact, Plaintiff actually gained weight during the time period in which he was not receiving food substitutions for dairy products. (Degen SOF at ¶¶ 19, 21, 22; DSOF at ¶ 25) Hill saw Plaintiff on September 23, 2014 for a number of medical issues, at which time he complained he was not being provided a lactose free diet. (Degen SOF at ¶ 15) Plaintiff did not make any significant complaints of diarrhea or other gastrointestinal issues during this appointment, and Hill's physical examination of Plaintiff did not reveal any findings suggesting a detriment to his health based on the discontinuation of his lactose-free diet. (Id. at ¶ 16) Hill advised Plaintiff to avoid foods that caused him problems. (Id.

at ¶ 15) Plaintiff was seen on March 31, 2015 for symptoms of heartburn and gas, at which time he reported normal bowel movements. (Id. at ¶ 17) He was instructed to avoid foods that caused him discomfort and take calcium carbonate tabs. (Id.)

## IV. Discussion

### A. Eighth Amendment

The Eighth Amendment requires prison officials to provide humane conditions of confinement to its inmates, Farmer v. Brennan, 511 U.S. 825, 832 (1994), including nutritionally adequate food. Simmons v. Cook, 154 F.3d 805 (8th Cir. 1998); Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992) (prisoners have a right to nutritionally adequate diet); Burgin v. Nix, 899 F.2d 733, 734 (8th Cir. 1990) (per curiam) (prisoner has constitutional right to adequate diet); Cody v. CBM Corr. Food Servs., 250 F. App'x 763, 765 (8th Cir. 2007) (same); Davis v. Missouri, 389 F. Appx 579 (8th Cir. 2010) (same).

To state an Eighth Amendment claim challenging conditions of confinement, an inmate must satisfy both an objective and subjective test. He must allege facts that would, if proven, establish that (1) the deprivation of his right was "objectively, sufficiently serious," resulting "in the denial of the minimal civilized measure of life's necessities," and (2) that prison officials were deliberately indifferent to "an excessive risk to [his] health or safety," meaning that the officials actually knew of and disregarded the risk. Farmer, 511 U.S. at 834, 837; Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993).

The failure to provide adequate nutrition may qualify as a deliberate indifference that violates the Eighth Amendment. Wishon, 978 F.2d at 449. However, a prisoner must show that "… the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food." Id. See also

Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999) (suggesting that to state Eighth Amendment claim inmate must allege "he lost weight or suffered other adverse physical effects or was denied a nutritionally and calorically adequate diet"), *cited with approval* in Davis, 389 F. Appx. 579. Only "extreme deprivations" are sufficient to present a claim for unconstitutional conditions of confinement. Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

It is clear from the record that, at all times, Plaintiff was provided a nutritionally adequate diet in accordance with SECC SOP, and that he suffered no adverse health consequences resulting from the discontinuation of the special diet. Nurse practitioner Hill entered the special diet lay-in order for Plaintiff's convenience. (Affidavit of Nina Hill ("Hill Aff."), Doc. No. 58-5 at ¶ 11) It was later brought to her attention that SECC did not provide special diets absent a physician documented food allergy or other medical necessity. (Id. at ¶ 5) Lactose intolerance is not a food allergy, and the special diet is not a medical necessity since Plaintiff can simply remove dairy items from his food tray himself or choose not to eat them. (Id. at ¶¶ 6, 11) Plaintiff contends he was provided with a nutritionally inadequate diet because he was not receiving dairy substitutes; however, the evidence of record clearly shows that inmate meals included a variety of food items in addition to those containing milk or cheese. (See 2014 Spring/Summer Master Menu, Doc. No. 65-1) Despite his preference for a lactose-free menu, Plaintiff has no cognizable constitutional right to a specific type of meal. Burgin, 899 F.2d at 734-35.

To the extent Plaintiff has suffered from diarrhea or other lactose intolerance symptoms when consuming dairy products, his avoidance of these foods without receiving a special diet has not caused him to suffer any harm, as evidenced by the fact that his medical records do not show further issues concerning lactose intolerance in subsequent medical appointments. (Hill Aff. at ¶ 9) He continued to be seen by medical staff and was instructed to avoid foods that caused him

discomfort and take calcium carbonate. (Affidavit of Dana Degen ("Degen Aff."), Doc. No. 58-4 at ¶ 10; Hill Aff. at ¶ 8) Hill observed that if a patient truly suffered from lactose intolerance or was not receiving proper nutrition in avoiding lactose-containing food items, it would be typical to see a decrease in the patient's weight and frequent medical complaints regarding symptoms associated with intolerance, such as diarrhea. (Hill Aff. at ¶ 9) Plaintiff's records do not reflect frequent medical complaints related to lactose intolerance, and based on his recorded weights, he had no significant weight loss and in fact gained weight. (Id.; Degen Aff. at ¶ 11). Cf. Garner v. Sumnicht, 554 Fed. App'x. 500, 500-02 (7th Cir. 2014) (reversing summary judgment to allow the parties to present expert medical evidence where lactose intolerant inmate had suffered continual diarrhea, vomiting, vitamin deficiency and severe weight loss for over four years). While acknowledging that in extreme cases, a lactose intolerant patient could have an adverse reaction to items containing lactose as a less prominent ingredient, Hill states that Plaintiff's records reveal no evidence suggesting he is suffering from such an extreme form of lactose intolerance. (Hill Aff. at ¶ 10) In light of this evidence, Plaintiff fails to establish that the discontinuation of his lactose-free diet prevented him from receiving safe or adequate nutrition in violation of the Eighth Amendment.

Further, Plaintiff does not allege facts sufficient to show that any Defendant willfully deprived Plaintiff of food or acted with deliberate indifference to his dietary needs. Instead, the record demonstrates that prison officials and medical staff responded reasonably to Plaintiff's complaints concerning his diet. Plaintiff asserts he saw Degen in January or February 2014 about alleged lactose intolerance, but his medical records show no complaints of lactose intolerance until late February 2014. At that time he was promptly seen by a nurse (not Degen) and referred to nurse practitioner Hill. (Degen Aff. at ¶¶ 4-6; Hill Aff. at ¶ 4) Even if he had seen Degen in

January or February 2014, Plaintiff cannot establish any harm suffered as the result of the alleged delay in this referral as he was seen by Hill on March 10, 2014.

As for the discontinuation of Plaintiff's lactose-free diet, because it is undisputed that Degen did not order the discontinuation (Degen SOF at ¶¶ 11, 12; DSOF at ¶ 17), Plaintiff has no basis for liability against her. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976)).

Shanefelter prepared and served Plaintiff's meals according to the directions given him by Plaintiffs' medical providers and the State dietician, and pursuant to SECC SOP. (DSOF at ¶¶ 15-16) At no time did he refuse to provide Plaintiff with adequate meals. (DSOF at ¶ 22) Instead, Shanefelter provided Plaintiff with the same meals that the other inmates received. Again, a prisoner's dissatisfaction with the food provided is insufficient to state a claim. Burgin, 899 F.2d at 734-35.

Lastly, Phillips did not instruct prison officials to give inadequate food to Plaintiff. (DSOF at ¶ 21) Phillips communicated with Shanefelter after receiving a grievance from Plaintiff regarding his diet. She was advised that Plaintiff did not have a food allergy and that his meals were prepared in accordance with SECC SOP. (DSOF at ¶ 24) Because control of the administrative details of a prison remains exclusively in the hands of prison officials, control of the diet is within their discretion, assuming it is adequate. Burgin, 899 F.2d at 734 (citing Goff v. Menke, 672 F.2d 702, 705 (8th Cir. 1982)).

In sum, there is no genuine dispute as to any material fact regarding Plaintiff's Eighth Amendment claim. No reasonable fact-finder could conclude that the discontinuation of Plaintiff's lactose-free diet prevented him from receiving safe or adequate nutrition or that

Defendants acted with subjective indifference to his dietary needs. Thus, Defendants are entitled to summary judgment as a matter of law.

### B. Qualified Immunity

Defendants Phillips and Shanefelter also assert they are entitled to qualified immunity on Plaintiff's claims. "Qualified immunity shields public officials from liability in a § 1983 action unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." Brown v. City of Golden Valley, 574 F.3d 491, 495 (8th Cir. 2009). To overcome a defendant's qualified immunity claim, the plaintiff must show that: "(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional right; and (2) the right was clearly established at the time of the deprivation." Baribeau v. City of Minneapolis, 596 F.3d 465, 474 (8th Cir. 2010) (quotations omitted). If no constitutional violation occurred, the evaluation ends there. See Crumley v. City of St. Paul, 324 F.3d 1003, 1008 (8th Cir. 2003) ("Without the requisite showing of a constitutional violation, summary judgment is proper because [plaintiff] has failed to establish the existence of an essential element of [his] case."). As discussed above, the Court has found that the facts, even when viewed in the light most favorable to Plaintiff, do not demonstrate the deprivation of a constitutional right. Thus, Plaintiff fails to satisfy the first prong, and Defendants are entitled to qualified immunity from Plaintiff's claims. Baker v. Bryan, No. 4:14-CV-333 JAR, 2015 WL 5735142, at *6 (E.D. Mo. Sept. 29, 2015).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dana Degen's Motion for Summary Judgment [54] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Paula Phillips and Thomas Shanefelter's Motion for Summary Judgment [57] is **GRANTED**.

A separate Judgment will accompany this Memorandum and Order.

Dated this 1st day of August, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**